```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :     16cv3830(DLC)
R&J ENTERTAINMENT B.V.,                  :
                      Plaintiff,         :   MEMORANDUM OPINION
                                         :        AND ORDER
            -v-                          :
                                         :
MARC ANTHONY PRODUCTIONS INC.            :
and MARC ANTHONY,                        :
                      Defendants.        :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the plaintiff:
Jonathan Alexander Ewing
Aero Law Center
1100 Lee Wagener Blvd, Suite 349
Fort Lauderdale, FL 33315

DENISE COTE, District Judge:

On May 23, 2016, plaintiff R&J Entertainment B.V. ("R&J") filed a complaint regarding an alleged breach of contract against defendants Marc Anthony Productions Inc. and Marc Anthony ("Anthony").  Pursuant to Fed. R. Civ. P. 4(m), a defendant must be served within 90 days after the complaint is filed.  R&J's time to serve the defendants expired on August 21.

On September 1, R&J voluntarily dismissed the complaint against Marc Anthony Productions, Inc. pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  After noting that the time to serve a defendant had already expired and that R&J had failed to make a timely application for an extension of time to serve Anthony,

the Court granted R&J an opportunity to make by September 9 a "properly supported" motion for an extension of time to serve Anthony.  An initial conference had long been scheduled for September 9.  On September 9, R&J filed the present Motion for Enlargement of Time to Serve Defendant ("September 9 motion").  For the reasons set forth below, the motion for an extension of time to serve Anthony is denied, and the complaint is dismissed for lack of service.

## DISCUSSION

Federal Rule of Civil Procedure 4(m) provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Advisory Committee Notes to the 2015 Amendment to Rule 4(m) recognize that in shortening the presumptive time for service from 120 days to 90 days, "the frequency of occasions to extend the time for good cause" will increase, and that "[m]ore time may be needed . . . when a defendant is difficult to serve."

While a district court may grant an extension of the service period absent a showing of good cause, the plaintiff must ordinarily "advance some colorable excuse for neglect," including a demonstration that an effort was made to effect service and that a request for an extension of time was made

2

during the 90-day period.  Meilleur v. Strong, 682 F.3d 56, 61 (2d Cir. 2012) (citation omitted); Zapata v. City of New York, 502 F.3d 192, 197-98 (2d Cir. 2007).  "[A] district court abuses its discretion when, among other things, it dismisses a complaint sua sponte for lack of service without first giving notice to the plaintiff providing an opportunity for her to show good cause for the failure to effect timely service."  Meilleur, 682 F.3d at 61.

   Since this action was filed on May 23, 2016, the time to serve each defendant expired August 21, 2016.  R&J did not request an extension of time during this period to effect service on Anthony.  R&J was nevertheless afforded an opportunity to show good cause as to why it failed to serve Anthony within 90 days and why an extension should be granted.  In response, R&J did not provide any explanation for its failure to timely request an extension of time to serve Anthony.  Moreover, its conclusory statements in its September 9 motion do not establish "good cause" or even a colorable excuse for its failure to serve Anthony.

   R&J states that it is its "understanding and belief" that Anthony has been on tour out of the country, but fails to provide any documentation to support this claim or to otherwise explain how it came to have that understanding.  R&J further states that Anthony is "surrounded by bodyguards and other

3

staff, making [it] extraordinarily difficult to obtain individual service," but fails to allege any specific instances in which it attempted to effectuate personal service but was rebuffed by Anthony's entourage.  Finally, while R&J alleges that it was repeatedly denied access to Anthony's place of business, it fails to provide any affirmation from a process server, to describe the specific occasions on which service was attempted, or to make any showing that it pursued alternative permissible methods of service.  Because R&J has failed to provide any colorable excuse for its failure to timely request an extension of time to serve Anthony or for its failure to serve Anthony within the 90-day time period, its September 9 motion requesting an enlargement of time for service is denied.

## CONCLUSION

The plaintiff's September 9, 2016 motion is denied.  The complaint against Anthony is dismissed.  The Clerk of Court shall close the case.

Dated:   New York, New York
         September 13, 2016

                                  _____
                                  DENISE COTE
                                  United States District Judge